UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
05-10039-NG

UNITED STATES OF AMERICA

v.

ANDRES DEL ROSARIO ALAYON
a/k/a ANGEL FIGUEROA
a/k/a ARCENIO POCHE CHACON

## MEMORANDUM AND ORDER OF DETENTION

March 2, 2005

DEIN, M.J.

The defendant was charged, first in a criminal complaint under the name of Arcenio Poche-Chacon, and now in a criminal indictment, with importation of heroin in violation of 21 U.S.C. §§ 952(a) and 960(a), using a false identity card in violation of 18 U.S.C. § 1546(a) and aggravated identity theft in violation of 18 U.S.C. § 1028A.  There is also a criminal forfeiture allegation in accordance with 21 U.S.C. § 853.  An initial appearance was held on February 2, 2005 at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) and (f)(2)(A) on the grounds that the defendant is a danger to the community and poses a serious risk of flight.  The defendant was represented by counsel.  A detention hearing was scheduled for February 7, 2005, but was continued to February 11, 2005 by consent.  At that time Special Agent Peter Darling testified on behalf of the government.  The defendant,

through counsel, began his cross-examination of Agent Darling. The matter was continued so that the defendant could review additional reports.

A continued detention hearing was held on March 2, 2005, by agreement. The defendant, through counsel, completed his cross-examination of Agent Darling. The defendant elected not to introduce any evidence.

At the conclusion of the evidence, the defendant, through counsel, consented to the entry of an order of voluntary detention, without prejudice to his right to propose conditions of release at a later date.

Accordingly, it is ORDERED that the defendant be DETAINED pending trial, and it is further ORDERED --

(1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)    On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This order is without prejudice to the defendant filing a motion at any time

seeking a hearing to consider proposed conditions of release, regardless whether there have been changed circumstances

      /s/Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge